UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MICHAEL COLEMAN, )<br>)<br>Plaintiff )<br>)<br>vs. )<br>)<br>DR. ERICSSON, M.D., *et al.*, )<br>)<br>Defendants ) | CAUSE NO. 3:05-CV-459 RM |

## OPINION AND ORDER

Michael Coleman, a prisoner confined at the Miami Correctional Facility, submitted a complaint under 42 U.S.C. § 1983 alleging that Dr. Ericsson, Counselor Wayne Ilderton, Case Work Manager Traci Waddle, and Correctional Sergeant White denied him needed medical treatment. Mr. Coleman seeks only damages from the defendants and presents no claim for injunctive relief.

The court must review the merits of a prisoner complaint seeking redress from a governmental entity or officer or employee of a governmental entity, and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. Courts apply the same standard under § 1915A as when addressing a motion under Fed. R. Civ. P. 12(b)(6) to dismiss a complaint. Weiss v. Colley, 230 F.3d 1027, 1029 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.

> In order to state a cause of action under 42 U.S.C.§ 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Coleman brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. Bell v. City of Milwaukee, 746 F.2d 1205 (7th Cir. 1984). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. West v. Atkins, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. Baker v. McCollan, 443 U.S. 137, 140 (1979).

Mr. Coleman alleges that on February 4, 2004, he injured his ankle during recreation. He asserts that he had trouble getting to see a doctor and that when he finally got an appointment, Dr. Ericsson told him his leg would get better on its own without "performing a physical/visual examination." (Complaint at p. 3). Mr. Coleman states that he was in pain and told the doctor he couldn't put any weight on his leg but Dr. Ericsson still refused to examine him. Six weeks after he

2

was injured, while he was at the Marion County Jail on court order, a doctor diagnosed him as having a broken Achilles tendon and placed him in a cast.

A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Wilson v. Seiter, 501 U.S. 294 (1991). In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976).

A medical need is serious, within the meaning of Estelle v. Gamble, only if it is "life threatening or poses a risk of needless pain or lingering disability if not treated at once." Davis v. Jones, 936 F.2d 971, 972 (7th Cir. 1991). "A 'serious' medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Gutierrez v. Peters, 111 F.3d 1364, 1373 (7th Cir. 1997).

Because deliberate indifference is comparable to criminal recklessness, Farmer v. Brennan, 511 U.S. at 837, a plaintiff must demonstrate more than an inadvertent failure to provide medical care or negligence in treating a medical condition. Estelle v. Gamble, 429 U.S. at 105-107; Gil v. Reed, 381 F.3d 649, 664 (7th Cir. 2004). He must show "something approaching a total unconcern for [his] welfare in the face of serious risks, or a conscious, culpable refusal to prevent

3

harm." Duane v. Lane, 959 F.2d 673, 677 (7th Cir. 1992), citing McGill v. Duckworth, 944 F.2d 344 (7th Cir. 1991). "Regardless whether the defendants intended harm, they need only have known of a substantial risk to inmate safety that they easily could have prevented but did not." Hall v. Bennett, 379 F.3d 462, 464 (7th Cir. 2004).

    Mr. Coleman alleges that Dr. Ericsson refused to conduct a physical or even visual examination of his injured ankle, leaving him untreated and in pain for six weeks. Giving Mr. Coleman the benefit of the inferences to which he is entitled at the pleadings stage, the court cannot say that he can prove no set of set of facts consistent with his deliberate indifference claim against Dr. Ericsson under the standards set forth in Estelle v. Gamble.

    Mr. Coleman alleges that when he returned to the Miami facility, defendants Ilderton and Waddle refused to place him in a "handicap room." (Complaint at p. 4). Mr. Coleman doesn't allege that a doctor determined that he required a handicap room, and that defendants Ilderton and Waddle did not provide him amenities not prescribed by a doctor states no Eighth Amendment claim upon which relief can be granted.

    Finally, Mr. Coleman alleges that Sgt. White confiscated his wheelchair without authorization from the medical department. Eighth Amendment principles prohibit prison officials "from intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." Gil v. Reed, 381 F.3d at 649. Mr. Coleman alleges that he was diagnosed as having a serious medical need requiring a wheelchair, and giving him the benefit of the inferences to which he is entitled at the pleadings stage, the court cannot say that he can

4

prove no set of set of facts consistent with his claim that Sgt. White confiscated his prescribed wheelchair without justification.

For the foregoing reasons, the court:

(1) GRANTS the plaintiff leave to proceed against defendants Ericsson and White in their individual capacities for damages on his Eighth Amendment claim that they were deliberately indifferent to his serious medical needs;

(2) Pursuant to U.S.C. § 1915A(b)(1) DISMISSES defendants Ilderton and Waddle;

(3) Pursuant to 42 U.S.C. § 1997e(g)(2), ORDERS that defendants Ericsson and White respond to the complaint as provided for in the Federal Rules of Civil Procedure; and

(4) DIRECTS the marshals service to effect service of process on defendants Ericsson and White on the plaintiff's behalf, and DIRECTS the clerk's office to ensure that a copy of this order is served on them along with the summons and complaint.

SO ORDERED.

ENTERED: November 28 , 2005

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court