UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MICHAEL COLEMAN, | ) |
| Plaintiff | ) ) ) |
| vs. | ) CAUSE NO. 3:05-CV-459 RM ) |
| WAYNE ILDERTON, *et al*, | ) ) |
| Defendants | ) |

MEMORANDUM AND ORDER

Wayne Coleman, a prisoner confined at the Wabash Valley Correctional Facility, filed (and the court screened) a complaint under 42 U.S.C. § 1983, alleging that prison officials violated his federally protected rights when he was at the Miami Correctional Facilty. The defendants are Nana Ericsson, M.D., and Sergeant Jeff White.

Dr. Ericsson filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), asserting that Mr. Coleman's claim is barred by the operation of 42 U.S.C. § 1997e(a), which provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." For the reasons set forth in this memorandum, the court grants defendant Ericsson's motion to dismiss

When reviewing *pro se* complaints, the court must employ standards less stringent than if the complaint had been drafted by counsel. Haines v. Kerner, 404 U.S. 519 (1972). The court must accept the well-pleaded factual allegations as true, and "construe such allegations in favor of the plaintiff." Sherwin Manor

Nursing Ctr. v. McAuliffe, 37 F.3d. 1216, 1219 (7th Cir. 1994); *cert. denied*, 516 U.S. 862 (1995). Although ambiguities in the complaint should be interpreted in the plaintiff's favor, Canedy v. Boardman, 16 F.3d 183, 188 (7th Cir. 1994), the court need not strain to find inferences favorable to the plaintiff which are not apparent on the face of the complaint, Coates v. Illinois State Bd. of Educ., 559 F.2d 445, 447 (7th Cir. 1977), or ignore factual allegations set forth in the complaint that undermine the plaintiff's claim. City Nat'l Bank of Florida v. Checkers, Simon & Rosner, 32 F.3d 277, 281 (7th Cir. 1994).

Section 1997e(a) provides that an inmate's failure to exhaust administrative remedies (with limited potential exceptions not applicable here) is fatal to his claim. Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002). Dr. Ericsson notes that Mr. Coleman stated in his complaint that he had not filed a grievance regarding the claims presented in this case. In the portion of the form complaint asking him to explain why he did not file a grievance he states that while he did not file a grievance, he did file "several health care requests," and made "verbal complaints directed to Dr. Ericsson." He also stated that "grievances tend to let lost when sent to medical." (Complaint at p. 2).

Mr. Coleman states in his complaint that he filed health care requests and made verbal complaints. Heath care requests and verbal complains, however, do not satisfy § 1997e(a)'s exhaustion requirement. "This Circuit has taken a strict compliance approach to exhaustion. A prisoner must properly use the prison's grievance process." Dole v. Chandler, __ F3d __, 2006, WL 435418 at*9 (7th Cir. 2006).

2

If Mr. Coleman had filed a grievance and prison officials lost it, the court might well conclude that he had sufficiently exhausted his remedies. Dole v. Chandler, WL 435418 *9 (prisoner who said he filed a grievance and followed up on his grievance deemed to have exhausted his administrative remedies even though prison officials had no record of receiving the grievance). But that other prisoners' grievances may have been lost by prison officials does not excuse Mr. Coleman from filing a grievance. A prisoner who voluntarily bypasses an available grievance procedure for any reason has not exhausted his administrative remedies. Porter v. Nussle, 534 U.S. 516, 532 (2002), Booth v. Churner, 532 U.S. 731 (2001).

Although Sergeant White raised exhaustion as an affirmative defense in his answer, he has not filed a motion to dismiss and did not join in defendant Ericsson's dismissal motion. Nevertheless, where one defendant files a dispositive motion which the court grants, the court may *sua sponte* enter judgment "in favor of additional non-moving defendants if the motion raised by the first defendant is equally effective in barring the claim against the other defendants and the plaintiff had an adequate opportunity to argue in opposition to the motion." Malak v. Associated Physicians, Inc., 784 F.2d 277 (7th Cir. 1986). *See also* Hunger v. Leininger, 15 F.3d 664 (7th Cir. 1994); Rosser v. Chrysler Corp., 864 F.2d 1299, 1304 (7th Cir. 1988). Because Sergeant White preserved exhaustion as an affirmative defense, the exhaustion defense asserted by Dr. Ericsson applies equally to Sergeant White. Mr. Coleman's complaint establishes that he did not grieve any of the claims he presents in his complaint.

For the foregoing reasons, the court GRANTS defendant Ericsson's motion to dismiss (docket #21), DISMISSES this complaint without prejudice, and DIRECTS the clerk to enter judgment in favor of the defendants and against the plaintiff.

SO ORDERED.

ENTERED: March 6 , 2006

                      /s/ Robert L. Miller, Jr.
                      Chief Judge
                      United States District Court